UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEE HALL, | ) | Case No. 1:21-cv-04356 |
| | ) | |
| | ) | Judge |
| **Plaintiff,** | ) | |
| | ) | Magistrate Judge |
| v. | ) | |
| | ) | |
| DET. EVANGELIDES #20526, | ) | |
| P.O. DAVOREN #19446, | ) | |
| P.O. NASH #4836, P.O. BAIER #292 | ) | |
| DET. REIFF #20847, P.O. MAXON #570 | ) | |
| DET. DISTASIO #20182, | ) | |
| DET. KIENZLE #20524, | ) | |
| DET. MARLEY #20182 | ) | |
| DET. MARESSO #20183, | ) | |
| DET. GADZIK #20534 | ) | |
| Individually, and The CITY OF | ) | |
| CHICAGO, A Municipal Corporation, | ) | JURY DEMAND |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, LEE HALL, by and through his attorneys, The Law Office of C.N. Norris, LLC, and complaining against the Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, Individually, and the CITY OF CHICAGO, a Municipal Corporation, as follows:

### FACTS

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, LEE HALL, accomplished by acts and/or omissions of the Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O.

NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3. The Plaintiff, LEE HALL, was at all relevant times a United States Citizen and resident of the State of Illinois.

4. At all relevant times the Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, were duly appointed Chicago Police Officers acting within the scope of their employment and under color of law.

5. The CITY OF CHICAGO is a statutory municipal corporation and the employer of the Defendants.

6. On or around October 2017, Plaintiff owned an apartment in Chicago, which he shared with his roommate.

7. On or about October 30, 2017, the roommate invited a guest back to their apartment.

8. While in the apartment, the guest smoked cigarettes.

9. At some point that evening, Plaintiff, LEE HALL, went to bed, leaving the roommate and guest alone.

10. After the Plaintiff, LEE HALL, went to bed, the guest shot and killed the roommate.

11. Plaintiff, LEE HALL, awoke to the sound of gunshots.

12. Upon exiting his bedroom, Plaintiff, LEE HALL, observed the guest attempting to leave the apartment.

13. The guest left a cigarette butt at the apartment before leaving.

14. Shortly after, Plaintiff, LEE HALL, went to check on the roommate in the roommate's bedroom.

15. At this time, Plaintiff, LEE HALL, observed the roommate's dead body and called 911.

16. The Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, arrived at the Plaintiff's apartment.

17. The Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, left the Plaintiff in the apartment for a number of hours before conducting a gunshot residue test.

18. The Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, left the apartment and did not arrest the Plaintiff.

19. At some point, the Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN

#19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, obtained surveillance footage showing the guest entering the Plaintiff's apartment with the roommate the night before the shooting as well as exiting the basement apaprtment after the murder.

20. Later, the Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, confirmed the identity of the guest that had been in the apartment via DNA testing of the cigarette butt.

21. On or about May 24, 2018, the Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, traveled to Minnesota to conduct an interview with the guest.

22. During this interview, the guest lied to the Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, stating that she was not at the apartment and that her DNA was planted.

23. On or about July 22, 2018, the Defendants, DET. EVANGELIDES #20526, P.O.

4

DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, arrested the Plaintiff, LEE HALL, for murder.

24. The Plaintiff, LEE HALL, was subsequently detained at Cook County Jail from July 22, 2018 to August 29, 2019.

25. On June 22, 2021, the Plaintiff, LEE HALL, was found not guilty of murder at trial.

**COUNT I – 42 U.S.C. § 1983 UNLAWFUL PRETRIAL DETENTION**
**Against Defendants Evangelides, Davoren, Nash, Baier, Reiff, Maxon, Distasio, Kienzle, Marley, Maresso, and Gadzik**

1-25. The Plaintiff, LEE HALL, hereby re-alleges his allegations of paragraphs 1-25 as though fully set forth herein.

26. Subsequent to Plaintiff's arrest, Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, caused Plaintiff to be detained without probable cause from July 22, 2018 to August 29, 2019.

27. Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, knew that the charges recommended to the States Attorney's Office for approval were false.

28. Due to the false allegations of Defendants, DET. EVANGELIDES #20526, P.O.

DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, the false criminal charges against the Plaintiff were approved.

29. Detention without probable cause violates the Fourth Amendment (as applied to the states by the Fourteenth Amendment). *Manuel v. Joliet*, 137 S. Ct. 911 (2017).

30. As outlined above, Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, caused Plaintiff to be detained without probable cause from July 22, 2018 to August 29, 2019 in violation of Plaintiff's Fourth Amendment and Fourteenth Amendment rights.

31. The misconduct of Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, as outlined above proximately caused injury to Plaintiff, LEE HALL, including but not limited to, loss of liberty, emotional pain and suffering, lost wages, attorney's fees, and costs.

**WHEREFORE** the Plaintiff, LEE HALL, prays for judgment against Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, for reasonable compensatory damages, punitive damages, plus attorney's fees and costs.

### COUNT II – MALICIOUS PROSECUTION
**Against Defendants Evangelides, Davoren, Nash, Baier, Reiff, Maxon, Distasio, Kienzle, Marley, Maresso, Gadzik and the City of Chicago**

1-31. The Plaintiff hereby realleges and incorporates paragraphs 1 – 31 as his respective allegations of paragraphs 1 – 31 of Count II as though fully set forth herein.

32. The Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, DET. GADZIK #20534 and the CITY OF CHICAGO, proceeded with the charges knowing they were false.

33. The Plaintiff retained an attorney and had to litigate the matter.

34. The Defendants', DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, DET. GADZIK #20534 and the CITY OF CHICAGO, actions were intentional, willful and wanton.

35. The charges were resolved in the Plaintiff's favor.

36. As a result of the actions of the Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, DET. GADZIK #20534, and the CITY OF CHICAGO, the Plaintiff suffered fear, emotional distress, anxiety and monetary expenses.

**WHEREFORE**, the Plaintiff, LEE HALL, prays for judgment in his favor and against the Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET.

KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, DET. GADZIK #20534, and the CITY OF CHICAGO, for reasonable compensatory and punitive damages, plus costs.

## COUNT III- RESPONDEAT SUPERIOR
### Against the City of Chicago

1-36. Paragraphs 1 through 36 are incorporated as though fully stated herein.

37. In committing the acts alleged in this Complaint, each of the individually named Defendant officers, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, were members of, and agents of, the CITY OF CHICAGO, acting at all relevant times within the scope of their employment.

38. Defendant CITY OF CHICAGO is liable as principal for all torts in violation of state law committed by its agents.

39. The Plaintiff, LEE HALL, suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment that were inflicted by the individual officers from Chicago Police Department acting under employment of the City of Chicago.

**WHEREFORE**, the Plaintiff, LEE HALL, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO, for the compensatory damages of its employees DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, DET. GADZIK #20534, plus costs.

## COUNT III– INDEMNIFICATION
### Against the City of Chicago

1-39. The Plaintiff, LEE HALL, incorporates each paragraph of this Complaint as if fully restated here.

8

40. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

41. The Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, were employees of THE CITY OF CHICAGO, acting within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, should the Defendants, DET. EVANGELIDES #20526, P.O. DAVOREN #19446, P.O. NASH #4836, P.O. BAIER #292, DET. REIFF #20847, P.O. MAXON #570, DET. DISTASIO #20182, DET. KIENZLE #20524, DET. MARLEY #20182, DET. MARESSO #20183, and DET. GADZIK #20534, be found liable for any of the acts alleged above, Defendant CITY OF CHICAGO would be liable to pay the Plaintiff, LEE HALL, any judgment obtained against said officers.

## Jury Demand

The Plaintiff, LEE HALL, hereby requests a trial by jury.

Respectfully submitted,

/s/ Brian Orozco
One of Plaintiffs' Attorneys
The Law Office of CN Norris, LLC
900 West Jackson Blvd., Suite 7E
Chicago, Illinois, 60607